# NO. 12-18-00017-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE:* | § | *APPEAL FROM THE 307TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *BRANDON BEY* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brandon Bey appeals from the trial court's judgment denying his request to change his race and nationality. We affirm.

### BACKGROUND

Brandon Antwain Nash, who was born in Texas, petitioned the court for leave to change his name to Brandon Bey. This request was granted by the trial court. He also petitioned the court for leave to change his "Race/Nationality" from "Negro/Black/African American" to "Moor/Americas Aboriginal National, 'but not a citizen of the United States.'" The trial court denied this request on the ground that it did not have jurisdiction or legal authority to act on this request.

In his sole issue, Bey agrees that the district court did not have jurisdiction or legal authority to grant the relief he requested. He argues that the only way for him to get to the appropriate court, a "Constitutional Court," is to go through the district court and appeal his case from there.

The Fourteenth Amendment to the United States Constitution provides that all persons born or naturalized in the United States are citizens of the United States. U.S. CONST. amend. XIV, § 1. The amendment has been interpreted as "defining a citizenship which a citizen keeps unless he voluntarily relinquishes it." *Afroyim v. Rusk*, 387 U.S. 253, 262, 87 S. Ct. 1660, 1665, 18 L. Ed. 2d 757 (1967). The right and power of expatriation, relinquishment of citizenship,

belongs to the individual citizen. ***Id***. 387 U.S. at 265, 87 S. Ct. at 1666. Congress enacted a law enumerating the acts by which a person may voluntarily lose his United States nationality. Immigration & Nationality Act § 349, 8 U.S.C. § 1481 (2012). Section 1481(a)(6) applies to persons in the United States who are making a formal written renunciation of nationality and specifies that the request to relinquish citizenship is to be presented before an officer designated by the United States Attorney General. ***Id***.

Thus, relinquishment of citizenship is a federal question. Federal district courts have original jurisdiction of all civil actions arising under federal law. 28 U.S.C. § 1331 (2012). The jurisdiction of state district courts in Texas consists of jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by law on some other court. TX. CONST. art. 5, § 8. Because federal law confers jurisdiction over citizenship questions to federal courts, Gregg County district courts do not have jurisdiction to consider Bey's request to change his "race/nationality" so that he is no longer a citizen of the United States. ***Id***. We overrule Bey's sole issue.

## DISPOSITION

We ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 31, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2018**

**NO. 12-18-00017-CV**

**IN RE: BRANDON BEY,**
Appellant

---

Appeal from the 307th District Court

of Gregg County, Texas (Tr.Ct.No. 2017-2094-DR)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **BRANDON BEY**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*